Filed 9/16/14  P. v. Thompson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B249433 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA091280) |
| v. | |
| BRADEN WILLIAM THOMPSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Tomson T. Ong, Judge.  Affirmed as modified.

Leslie Conrad, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Connie H. Kan, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The sole issue on appeal is whether the trial court erred in imposing a $1,000 assessment and surcharge on appellant Braden William Thompson under Penal Code section 1464[1] and Government Code section 76000. Both appellant and the People agree that the assessment must be stricken. We strike the $1,000 assessment and otherwise affirm the judgment.

## Conviction and Sentencing[2]

A jury found appellant guilty of second degree murder, shooting at an inhabited dwelling, possession of a handgun by a felon, and two counts of attempted murder. The jury also made true findings that appellant personally used and discharged a firearm. (§ 12022.53, subds. (b), (c).) The trial court found that appellant had served two prior prison terms (§ 667.5, subd. (b)).

The trial court sentenced appellant to 97 years eight months to life in prison. Appellant was ordered to pay a $40 court operations assessment (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment (Gov. Code, § 70373) for each count. The trial court also imposed a $5,000 restitution fine payable to the California Victim Compensation and Government Claims Board (§ 1202.4, subs. (f)), a $1,784.12 restitution fine payable to the victim, a $10,000 restitution fine (§ 1202.4, subd. (b)), a $10,000 parole restitution fine (§ 1202.45) to be stayed upon completion of parole, and a $1,000 assessment and surcharge payable to the probation officer (§ 1464, Gov. Code, § 76000).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Because the facts of appellant's case are not at issue on appeal, we omit them.

## DISCUSSION

Section 1464 and Government Code section 76000 levy additional penalties upon every fine, penalty or forfeiture imposed and collected by the courts for all criminal cases.[3] But these statutes expressly state that the penalties they impose do not apply to any restitution fines. (§ 1464, subd. (a)(3)(A); Gov. Code, § 76000, subd. (a)(3)(A).) The penalties imposed by section 1464 and Government Code section 76000 also do not apply to the $40 court operations assessments imposed under section 1465.8, subdivision (a)(1) or to the $30 criminal conviction assessments imposed under Government Code section 70373, subdivision (a)(1). (See § 1465.8, subdivision (b); Gov. Code, § 70373, subd. (b).)

Because section 1464 or Government Code section 76000 are not applicable to any of the fines imposed upon appellant, the $1,000 penalty assessment must be stricken from the judgment.[4]

---

[3]     Section 1464, subdivision (a)(1) states in part: "Subject to Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code, and except as otherwise provided in this section, there shall be levied a state penalty in the amount of ten dollars ($10) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses, . . ."

Government Code section 76000, subdivision (a)(1) states in part: "Except as otherwise provided elsewhere in this section, in each county there shall be levied an additional penalty in the amount of seven dollars ($7) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses, . . ."

[4]     We note that the $1,000 penalty assessment is not included in the abstract of judgment. It is, however, part of the trial court's oral pronouncement at sentencing and is included in the minute order.

3

## DISPOSITION

The $1,000 assessment and surcharge is stricken from the judgment. In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
BOREN

_____, J.[*]
FERNS

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4